■ 149 Madison LLC, Appellant, v Paul J. Bosco, Respondent. [960 NYS2d 34]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about August 31, 2011, which affirmed an order of the Civil Court, New York County (Manuel J. Mendez, J.), entered on or about September 23, 2010, denying petitioner landlord's motion for leave to renew and/or reargue an order of the same court and Judge, entered on or about May 26, 2010, which, in turn, had denied petitioner landlord's motion for summary judgment on its claim for electrical charges in a commercial nonpayment summary proceeding, unanimously reversed, on the law, with costs, and petitioner's motion for summary judgment on the claim for electrical charges granted.

There is no ambiguity in the relevant clauses of the parties' lease agreement which, in accordance with their plain meaning, require respondent tenant to pay monthly electric charges in addition to the basic rent (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Beginning with article 44, which provides for a "rent free" month, it is clear that electric charges are separate and apart from basic rent. Indeed, during the "rent free" month respondent was required to pay the electric charges.

Article 45 sets forth a schedule of the annual rental rate for each year. For example, for the period September 1, 2008 through August 31, 2009, the annual rental rate was $100,000, payable in equal monthly installments of $8,333.33. Article 46 sets forth the electrical charges, providing that the annual electric charges are $9,534, payable monthly at $794.50. The first sentence of article 46 clearly states that basic rent "exclusive of additional rents and charges" is based on the schedule set forth in paragraph 45. Thus, basic rent was unambiguously intended to exclude additional rent and charges, including electricity, as well as the real estate taxes and cost of living adjustment provided for in article 49.

The second section of article 46 does not require a different conclusion. The pertinent portion of that section provides, "Tenant hereby covenants, undertakes and agrees that during the term of this lease *Tenant will pay annual rent inclusive of electrical usage charges in monthly installments as hereinbefore provided*" (emphasis added). This language does not intend that the basic annual rent is inclusive of electrical charges. Rather, the language, properly read, means that tenant agrees to pay basic annual rent and the electrical usage charges in monthly installments as provided in the prior portion of article 46. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Román, JJ. **[Prior Case History: 32 Misc 3d 142(A), 2011 NY Slip Op 51633(U).]**